## A. C. BOARDMAN et al. *v.* SARAH GLENN et al.

From necessity, the agent of a vendee is a competent witness to prove the contract of sale, and the price.

The proceeding by sequestration is a harsh remedy, and when sued out without sufficient cause, the party whose property is taken should have adequate redress.

APPEAL from the District Court of the Parish of Catahoula, *Barry*, J.* *Curry*, for plaintiffs. *Taliaferro*, for defendants. By the court:

PRESTON, J. The plaintiffs sue the defendants for a large amount of damages for sequestering their steamboat Pascagoula, whilst engaged in a very profitable business. They allege, that she was detained by the sheriff about a month, during which time they lost their business, and incurred great expense.

The defendants allege, that the sequestration was taken out for a lawful cause; that *Roberts*, the master of the boat, against the will and remonstrances of the keeper of a wood-yard for the defendant, *Sarah Glenn*, took a large quantity of pine wood from the yard, for which the boat was liable to seizure, under the act of the Legislature, approved the 15th day of March, 1842. They claimed, by reconvention, the value of the wood, and damages for the trespass.

On the trial, the defendants objected to the testimony of *Roberts*, on the ground that he was liable to the plaintiffs for the damages that might be assessed against them for his trespass. Greenleaf's Ev. vol. 1, article ——. They were plaintiffs in the reconvention for damages, and did not, by evidence, show any trespass by *Roberts*, which was essential to attack his competency. He believed, at least, that he took the wood in pursuance of a contract, and that there was only a dispute about the price, and we think that was the true state of the facts. He is not a party to this suit, and is not interested in it, as being liable for the price of the wood. Perhaps his interest is, that the defendants should, by their reconvention, recover its full value from the plaintiffs, as they have done, so that by payment he may be exonerated. From necessity, he is a competent witness for the plaintiffs, as to the contract for the wood, and the price. 2 Greenleaf, sec. 416. *Nicholson* v. *Patton*, 13 L. R. 216.

The proceeding by sequestration is a harsh remedy, and when sued out without sufficient cause, the party whose property is taken should have an adequate redress. We are unable to say, from the evidence in this case, that the jury assessed the damages too high.

The judgment of the district court is affirmed, with costs.

*Decided in 1851.